**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BONITZ BROTHERS, INC.,[1] | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 27-1144441 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ELLETT BROTHERS, LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 57-0957069 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EVANS SPORTS, INC., | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 57-1022654 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JERRY'S SPORTS, INC., | ) | Case No. 19-_____ (___) |
| | ) | |

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification numbers, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

69055617.1

|  |  |  |
|---|---|---|
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 27-1144289 | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OUTDOOR SPORTS HEADQUARTERS, INC., | ) ) ) | Case No. 19-_____ (___) |
| Debtor. | ) ) | |
| Employer Tax I.D. No. 27-1144548 | ) ) ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| QUALITY BOXES, INC., | ) ) | Case No. 19-_____ (___) |
| Debtor. | ) ) ) ) | |
| Employer Tax I.D. No. 57-1030287 | ) ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SIMMONS GUN SPECIALTIES, INC., | ) ) | Case No. 19-_____ (___) |
| Debtor. | ) ) ) ) | |
| Employer Tax I.D. No. 27-1144364 | ) ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SPORTCO HOLDINGS, INC., | ) ) ) | Case No. 19-_____ (___) |
| | ) | |

2

69055617.1

|  |  |  |
|---|---|---|
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 90-0430355 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITED SPORTING COMPANIES, INC., | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 20-4455758 | ) | |
| | ) | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

SportCo Holdings, Inc. and certain of its above-captioned wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 105(a) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors rely upon the *Declaration of Bradley P. Johnson in Support of Debtor's Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration").[2] In support of this Motion, the Debtors respectfully state as follows:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

69055617.1

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of these Chapter 11 Cases and the Motion in this district is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) Bankruptcy Code, Rule 1015(b) Bankruptcy Rules, and Rule 1015-1 of the Local Rules.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these Chapter 11 Cases.

8. A description of the Debtors' businesses, capital structure, and the circumstances leading to these Chapter 11 Cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

10. The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 11 Cases under the case of SportCo Holdings, Inc. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 11 Case (except that of SportCo Holdings, Inc.) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of SportCo Holdings, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of SportCo Holdings, Inc., Case No. 19-\_\_\_\_\_ (\_\_\_\_) should be consulted for all matters affecting this case."

11. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 19-_____ (___) |
| Debtors. | ) ) ) | (Jointly Administered) |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification numbers, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

## BASIS FOR RELIEF REQUESTED

12. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Local Rule 1015-1 further provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in [the] Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Each Debtor is a wholly-owned direct or indirect subsidiary of SportCo Holdings, Inc. The Debtors, therefore, are "affiliates" within the meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13. Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 11 Cases will not

prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

14. Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes. *See, e.g., In re ExGen Texas Power, LLC,* Case No. 17-12377 (BLS) (Bankr. D. Del. Nov. 8, 2017) [Docket No. 43]; *In re Rent-A-Wreck of America,* Case No. 17-11592 (LSS) (Bankr. D. Del. July 28, 2017) [Docket No. 25*]; In re Modular Space Holdings, Inc.,* Case No. 16-12825 (KJC) (Bankr. D. Del. Dec. 22, 2016) [Docket No. 66]; *In re ProNerve Holdings, LLC,* Case No. 15-10373 (KJC) (Bankr. D. Del. Feb. 26, 2015) [Docket No. 30]; *In re Entegra Power Grp. LLC,* Case No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) [Docket No. 36]; *In re Source Home Entm't, LLC,* Case No. 14-11553 (KG) (Bankr. D. Del. Jun. 24, 2014) [Docket No. 35]. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

## NOTICE

15. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the DIP Agent; (d) the Prepetition Lender Agents; (e) the Internal Revenue Service; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1; and (b) granting such other and further relief as the Court deems appropriate.

Dated: June 10, 2019  
Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

 */s/ Christopher A. Ward*  
Christopher A. Ward (Del. Bar No. 3877)  
Brenna A. Dolphin (Del. Bar No. 5604)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 252-0920  
Facsimile: (302) 252-0921  
cward@polsinelli.com  
bdolphin@polsinelli.com

-and-

**MCDERMOTT WILL & EMERY LLP**  
Timothy W. Walsh (*pro hac vice* pending)  
Darren Azman (*pro hac vice* pending)  
Riley T. Orloff (*pro hac vice* pending)  
340 Madison Avenue  
New York, New York 10173-1922  
Telephone: (212) 547-5400  
Facsimile: (212) 547-5444  
Email:    twwalsh@mwe.com  
             dazman@mwe.com  
             rorloff@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*