# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTCO HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11299 (LSS)<br>(Jointly Administered)<br><br>**Ref. Docket No. 68** |

**ORDER RESOLVING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (A) AUTHORIZING THE COMMITTEE'S FINANCIAL ADVISORS TO RUN A GOING CONCERN SALE PROCESS AND SOLICIT ALTERNATIVE PROPOSALS USING, *INTER ALIA*, THE DEBTORS' CONFIDENTIAL INFORMATION, (B) DIRECTING THE DEBTORS TO COOPERATE IN SUCH EFFORTS, AND (C) GRANTING RECONSIDERATION OF THE INTERIM DIP ORDER**

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for an Order (A) Authorizing the Committee's Financial Advisors to Run a Going Concern Sale Process and Solicit Alternative Proposals using, inter alia, the Debtors' Confidential Information, (B) Directing the Debtors to Cooperate in Such Efforts, and (C) Granting Reconsideration of the Interim DIP Order* (the "Motion") and the Debtors, the Committee, and certain other parties in interest having reached a resolution of the Motion[2]; and it appearing that due and adequate notice of the Motion has been given; and no other or further notice is necessary or required; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**, that:

1. The Motion is resolved to the extent set forth herein.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355), and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2. The Committee and its financial advisors, Emerald Capital Advisors ("Emerald") shall be authorized to conduct a process to market the Debtors' assets for a going concern sale for a period of three (3) weeks from the date of this Order (the "Three Week Period"). In connection therewith, the Debtors will provide Emerald with reasonable access to Winter Harbor and any and all documents that the Committee and Emerald believe are relevant to such going concern sale process and, in general, cooperate with the Committee's efforts and due diligence requests by interested parties. The parties' rights are reserved to the extent there is a dispute regarding the provision of documents and cooperation by the Debtors.

3. The Debtors are authorized to continuing the self-liquidation of their assets absent further order of this Court. If the value of the inventory being held by the Debtors is anticipated to drop below $20 million during the Three Week Period then the Debtors shall consult with the Committee and the Committee reserves the right to seek expedited relief and all parties reserve the rights to object to such relief.

4. The hearing on the Committee's Motion seeking to reconsider the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status; (IV) Granting Adequate Protection to the Prepetition Lenders; (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "Interim Order") [Docket No. 51] is hereby adjourned to July 16, 2019 at 11:00 a.m. During the interim period, and until the hearing on July 16, 2019, the terms of the Interim Order and associated budget shall continue to govern. The Committee reserves all rights with regard to the terms of a budget in connection with any final order authorizing the Debtors to obtain postpetition financing and/or use of cash collateral.

5. Unless otherwise agreed to by Prospect Capital Corporation, as Second Lien Agent, any buyer interested in purchasing assets of the Debtors through a going concern sale (a "Buyer") must execute a signed asset purchase agreement that provides for (1) a closing date within the Three Week Period, and (2) the payment of a deposit in an amount sufficient to make the Debtors whole to the extent the Buyer does not consummate a going concern sale.

6. Unless otherwise agreed to by Prospect Capital Corporation, as Second Lien Agent, to the extent any Buyer seeks to close on a going concern sale on a date beyond the Three Week Period, and to the extent such Buyer has not provided a deposit and signed asset purchase agreement, the Buyer must provide financing in an amount reasonably agreeable to the Debtors and Prospect Capital Corporation. Any such financing amount may be credited towards an ultimate purchase price.

7. The Court retains jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**Dated: July 3rd, 2019**
**Wilmington, Delaware**

*/s/ Laurie Selber Silverstein*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**