## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | Case No. 19-11299 (LSS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS[2]

SportCo Holdings, Inc. ("**SportCo**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:  Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

[2] A Statement of Financial Affairs or a Schedule of Assets and Liabilities for a particular Debtor begins immediately after these Global Notes (as defined below).

Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Dalton Edgecomb has signed each of the Schedules and Statements. Mr. Edgecomb is the Debtors' Chief Restructuring Officer and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Edgecomb necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Edgecomb has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.    **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 3(c)) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

- 2 -

**2.** **Description of Cases and "as of" Information Date**. On June 10, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 11, 2019, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 38].  On June 17, 2019, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 58]. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of the close of business on June 9, 2019, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on June 9, 2019.

**3.** **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of June 9, 2019. Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**4.** **Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

**5.** **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate. The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

**6.** **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may

be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

7.    **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) executives; (c) equity holders holding in excess of 10% of the voting securities of one of the Debtor entities; (d) Debtor/non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

8.    **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.    **Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

10.    **Classifications**. Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

11.    **Claims Description**. Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the

Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

12.     **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

13.     **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a.     Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

   b.     Totals. All totals that are included in the Schedules and actual total may be different than the listed total.

   c.     Paid Claims. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various interim orders entered by the Bankruptcy Court on June 11, 2019. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

   d.     Excluded Assets and Liabilities. The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits from the Schedules and Statements. Certain other immaterial assets and liabilities may also have been excluded.

e.      <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**14.**    **<u>Estimates</u>**. To prepare and file the Schedules in accordance with the deadline established in the Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**15.**    **<u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

**16.**    **<u>Setoffs</u>**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

**17.**    **<u>Global Notes Control</u>**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**<u>Schedules A/B</u>**.

<u>Lines 2 and 3</u>. Cash values held in financial accounts are listed as of June 9, 2019.

<u>Line 15</u>. Ownership interests in subsidiaries, partnerships, and joint ventures have been listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

<u>Line 60</u>. Patents, Trademarks, and other Intellectual Property are listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

<u>Line 63</u>. Customer Lists are listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

<u>Lines 64 and 65</u>. Intangible Assets and Goodwill are listed as an undetermined amount on account of the fact that the fair market value of such intangible items such as Goodwill, Non-Compete Agreements and Trade Names is dependent on

numerous variables and factors and may differ significantly from their net book value.

**Schedule D**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**. The Debtors have been authorized by order of the Bankruptcy Court to pay certain prepetition liabilities, including the authority to pay employee wages and other employee benefits in the ordinary course of business (the "*Final Order Authorizing the Debtors to Pay Prepetition Employee Wages, Benefits, and Related Items*" [Docket No. 136]). As a result of this order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such amounts are not listed on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve their right to dispute the priority status of any claim on any basis. Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtors that such claim is a prepetition tax claim. The Debtors reserve their right to treat any of these claims as post-petition claims.

**Schedule F**. The Debtors have used best reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from

such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F. Certain Debtors may pay Claims listed on Schedule F during this chapter 11 case pursuant to orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured Claims that a Debtor may have against another Debtor on account of intercompany receivables and payables. To the extent a Debtor has a Claim against another Debtor on account of the Debtors' prepetition secured facilities, these Claims are not reflected on Schedule F.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such

- 8 -

Case 19-11299-LSS    Doc 181    Filed 07/24/19    Page 9 of 31

rights, powers, duties and obligations are not set forth separately on Schedule G. Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

DM_US 161371292-3.105320.0013

**<u>Schedule H</u>**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

## Specific Disclosures with Respect to the Debtors' Statements

**<u>Question 1</u>**.   The Debtors rely on consolidated financial statements, as required in accordance with GAAP, in the ordinary course of the Debtors' businesses. The Debtors' existing books, records and financial systems have been relied upon to identify the information requested, therefore, the Debtors have provided consolidated revenues for the last three years on the Statement filed by Ellett based on the Debtors' consolidated accounting.

*[Remainder of page intentionally left blank.]*

DM_US 161371292-3.105320.0013

**Fill in this information to identify the case and this filing:**

Debtor Name ___SportCo Holdings, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                                        (State)

Case number (*If known*): ___19-11299_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07 / 24 / 2019___          ✘ /s/ Dalton Edgecomb_____
                         MM / DD / YYYY                        Signature of individual signing on behalf of debtor


                                                             Dalton Edgecomb_____
                                                             Printed name

                                                             Chief Restructuring Officer_____
                                                             Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name _____SportCo Holdings, Inc._____

United States Bankruptcy Court for the:_____ District of _____Delaware_____
                                                                        (State)

Case number (If known): _____19-11299_____

☐ Check if this is an
   amended filing

Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
       Copy line 88 from *Schedule A/B*.................................................. | $ _____ 0.00 |

   1b. **Total personal property:**
       Copy line 91A from *Schedule A/B*.............................................. | $ _____ 0.00 <br> Plus Unknown |

   1c. **Total of all property:**
       Copy line 92 from *Schedule A/B*................................................ | $ _____ 0.00 <br> Plus Unknown |

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*............................................ | $ 272,856,876.00 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................................. | $ _____ 0.00 |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ....................................... | **+** $ _____ 0.00 |

4. **Total liabilities**...................................................................................
   Lines 2 + 3a + 3b | $ 272,856,876.00 |

**Fill in this information to identify the case:**

Debtor name _SportCo Holdings, Inc._____

United States Bankruptcy Court for the:_____ District of _Delaware_
                                                                      (State)

Case number (If known): _19-11299_____

❑ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ❑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**                                                                                          $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number |
| --- | --- | --- |
| 3.1. _____ | _____ | ____ ____ ____ ____ |   $_____
| 3.2. _____ | _____ | ____ ____ ____ ____ |   $_____

4. **Other cash equivalents** *(Identify all)*

   4.1. _____   $_____
   4.2. _____   $_____

5. **Total of Part 1**                                                                                       $_____

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ❑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____   $_____
   7.2. _____   $_____

Debtor    SportCo Holdings, Inc._____    Case number (if known)___19-11299_____
                Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____    $_____

   8.2._____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.    $_____

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    | | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:    _____ – _____ = ....... ➔    $_____
    
           face amount           doubtful or uncollectible accounts

    11b. Over 90 days old:    _____ – _____ = ....... ➔    $_____
    
           face amount           doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $_____

## Part 4:    Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☑ Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____    _____    $_____

    14.2. _____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:    % of ownership:

    15.1. United Sporting Companies, Inc._____    100.00 %    _____    $_____ Unknown

    15.2._____    _____%    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____    _____    $_____

    16.2._____    _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.    $_____ Unknown

Debtor   SportCo Holdings, Inc.
_____
         Name

Case number *(if known)* 19-11299
_____

---

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** _____ | $_____ | _____ | $_____ |

---

Debtor    SportCo Holdings, Inc.
_____
          Name

Case number *(if known)*_19-11299_____

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.

    $_____

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value $_____    Valuation method _____    Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☑ No. Go to Part 8.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.

    $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

| Debtor | SportCo Holdings, Inc. | Case number (if known) | 19-11299 |
|---|---|---|---|
| | Name | | 19-11299 |

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ☑ No. Go to Part 9.

   ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

   Add lines 47 through 50. Copy the total to line 87.

   $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

   ☐ No

   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Debtor  SportCo Holdings, Inc.
_____    Case number *(if known)*_ 19-11299_
      Name

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** _____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites** _____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties** _____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations** _____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property** _____ | $_____ | _____ | $_____ |
| 65. **Goodwill** _____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor    SportCo Holdings, Inc.
_____    Case number (if known)___19-11299_____
        Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 71. **Notes receivable** | |
| Description (include name of obligor) | |
| _____  _____ − _____ = ➜ | $_____ |
| Total face amount    doubtful or uncollectible amount | |
| 72. **Tax refunds and unused net operating losses (NOLs)** | |
| Description (for example, federal, state, local) | |
| _____    Tax year _____ | $_____ |
| _____    Tax year _____ | $_____ |
| _____    Tax year _____ | $_____ |
| 73. **Interests in insurance policies or annuities** | |
| _____ | $_____ |
| 74. **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| _____ | $_____ |
| Nature of claim    _____ | |
| Amount requested    $_____ | |
| 75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| _____ | $_____ |
| Nature of claim    _____ | |
| Amount requested    $_____ | |
| 76. **Trusts, equitable or future interests in property** | |
| _____ | $_____ |
| 77. **Other property of any kind not already listed**  Examples: Season tickets, country club membership | |
| _____ | $_____ |
| _____ | $_____ |
| 78. **Total of Part 11.** | |
| Add lines 71 through 77. Copy the total to line 90. | $_____ |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | SportCo Holdings, Inc. | Case number *(if known)* 19-11299 |
|---|---|---|
| | Name | |

---

**Part 12:**  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $_____ | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $_____Unknown | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____ | |
| 88. **Real property.** *Copy line 56, Part 9.* . ................➜ | | $_____ |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+** $_____ | |
| 91. **Total.** Add lines 80 through 90 for each column**.** ...........................91a. | $_____Unknown **+** 91b. | $_____ |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ......................... | | $_____Unknown |

---

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Sportco Holdings, Inc.** |
| United States Bankruptcy Court for the: | District of **Delaware** |
| | (State) |
| Case number (If known): | **19-11299** |

Official Form 206D

□ Check if this is an amended filing

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:** **List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.**

If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of Claim** | **Value of collateral that supports this claim** |
| | | Do not deduct the value | |

| 2.1 | Creditor's name | Describe debtor's property that is subject to a lien | $23,056,471.00 | $78,387,847.20 |
|---|---|---|---|---|

**s3263**

Creditor's name: **BANK OF AMERICA, N A, AS AGENT**

Describe debtor's property that is subject to a lien: **REVOLVING LINE OF CREDIT SECURED BY SUBSTANTIALLY ALL ASSETS**

Creditor's Mailing Address:
**ATTENTION: TODD TARRANCE**
**300 GALLERIA PARKWAY, SUITE 800**
**ATLANTA, GA  30339**

Creditor's email address, if known:

Date debt was incurred: **2002**

Describe the lien: **REVOLVING CREDIT**

Last 4 digits of account number:

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?

**Is anyone else liable on this claim?**
☐ No.
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

  ☐ No. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**

Check all that apply.

  ☐ Yes. The relative priority of creditors is specified on lines

☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor    **Sportco Holdings, Inc.**
_____
Name

Case Number (if known) **19-11299**
_____
Case Number (if known)

| | | Column A | Column B |
|---|---|---|---|
| **Part 1:** | | *Amount of Claim* | *Value of collateral that supports this claim* |
| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | | Do not deduct the value | |

| | | | |
|---|---|---|---|
| **2.2** | Creditor's name | | $249,800,405.00 | $78,387,847.20 |

**2.2**

**s3272**

Creditor's name

PROSPECT CAPITAL CORPORATION, AS AGENT

Describe debtor's property that is subject to a lien

SECOND LIEN LOAN
SECURED BY SUBSTANTIALLY ALL ASSETS

| | |
|---|---|
| Column A — Amount of Claim (Do not deduct the value) | $249,800,405.00 |
| Column B — Value of collateral that supports this claim | $78,387,847.20 |

Creditor's Mailing Address

ATTN: GENERAL COUNSEL
10 EAST 40TH STREET, 44TH FLOOR
NEW YORK, NY 10016

Creditor's email address, if known

Date debt was incurred

Last 4 digts of account number

Describe the lien

SECURED DEBT

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines _____

**Is the creditor an insider or related party?**

☐ No
☑ Yes

**Is anyone else liable on this claim?**

☐ No.
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|
| **RICHARDS LAYTON & FINGER, PA** <br> **JOHN H KNIGHT & AMANDA R. STEELE** <br> **ONE RODNEY SQUARE** <br> **920 NORTH KING ST.** <br> **WILMINGTON, DE  19801** | s3263 | |
| **WINSTON & STRAWN LLP** <br> **CARRIE V. HARDMAN** <br> **GREGORY M. GARTLAND** <br> **200 PARK AVENUE** <br> **NEW YORK, NY  10166-4193** | s3263 | |
| **WINSTON & STRAWN LLP** <br> **DANIEL J. MCGUIRE** <br> **35 W WACKER DRIVE** <br> **CHICAGO, IL  60601-9703** | s3263 | |
| **BLANK ROME LLP** <br> **JOHN E. LUCIAN, ESQ** <br> **ONE LOGAN SQUARE** <br> **130 NORTH 18TH STREET** <br> **PHILADELPHIA, PA  19103-6998** | s3272 | |
| **BLANK ROME LLP** <br> **REGINA KELBON** <br> **VICTORIA A. GUILFOYLE** <br> **1201 N MARKET STREET, SUITE 800** <br> **WILMINGTON, DE  19801** | s3272 | |
| **OLSHAN FROME WOLOSKY LLP** <br> **JONATHAN T. KOEVARY** <br> **ADAM H FRIEDMAN** <br> **1325 AVENUE OF THE AMERICAS** <br> **NEW YORK, NY  10019** | s3272 | |

Debtor    **Sportco Holdings, Inc.**                                    19-11299
_____          _____
Name                                                    Case Number (if known)

| Part 3: | Total Amounts of the Claims Secured by Property |
|---|---|

|  | **Total of Claim Amounts** |
|---|---|
| **3a. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    3a. | $272,856,876.00 |

**Fill in this information to identify the case:**

Debtor name **Sportco Holdings, Inc.**

United States Bankruptcy Court for the: _____ District of **Delaware**

(State)

Case number (If known): **19-11299**

Official Form 206E/F

☐ Check if this is an amended filing

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** **All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?**

☑ No. Go to Part 2
☐ Yes

**Total Claim**    **Priority Amount**

2. | Priority creditor's name and mailing address

As of the petition filing date, the claim is:

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digts of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)

Is the claim subject to offset?

☐ No
☐ Yes

Debtor Name

| **Part 2:** | **All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**3.  Do any creditors have nonpriority unsecured claims?**

☑ No.
☐ Yes

**Amount of Claim**

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** |
|---|---|---|

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Last 4 digts of account number**

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No
☐ Yes

| Part 3: | **List Others to Be Notified About Unsecured Claims** |

List in alphabetical order any others who must be notified for claims already listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 or Part 2 did you enter the related creditor? | Last 4 digts of account number for this entity |
| --- | --- | --- |

Debtor Name

Case Number (if known)

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of Claim Amounts** |
|---|---|---|
| **5a. Total Claims from Part 1** | 5a. | $0.00 |
| **5b. Total Claims from Part 2** | 5b. + | $0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name   Sportco Holdings, Inc.

United States Bankruptcy Court for the:            District of   Delaware
                                                                 (State of)
Case Number (if known):   19-11299            Chapter   11

☐ Check if this is an
   amended filing

## Official Form 206G

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 1 | State what the contract or lease is for and the nature of the debtor's interest | EMPLOYMENT AGREEMENT | BRADLEY JOHNSON<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2. 2 | State what the contract or lease is for and the nature of the debtor's interest | TERMINATION AGREEMENT<br>TERMINATION OF EMPLOYMENT &<br>CONSULTING ARRANGEMENT | MICHELLE MOSIER<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Sportco Holdings, Inc.** |
| United States Bankruptcy Court for the: | District of **Delaware** |
| | (State of) |
| Case Number (if known): **19-11299** | Chapter **11** |

☐ **Check if this is an amended filing**

## Official Form 206H

## SCHEDULE H - CODEBTORS                                                   12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No   Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.1 | BONITZ BROTHERS, INC. 267 COLUMBIA AVENUE CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263) ☐ E/F ☐ G |
| 2.2 | BONITZ BROTHERS, INC. 267 COLUMBIA AVENUE CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272) ☐ E/F ☐ G |
| 2.3 | ELLETT BROTHERS, LLC 267 COLUMBIA AVENUE CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263) ☐ E/F ☐ G |
| 2.4 | ELLETT BROTHERS, LLC 267 COLUMBIA AVENUE CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272) ☐ E/F ☐ G |
| 2.5 | EVANS SPORTS, INC. 267 COLUMBIA AVENUE CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263) ☐ E/F ☐ G |
| 2.6 | EVANS SPORTS, INC. 267 COLUMBIA AVENUE CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272) ☐ E/F ☐ G |

| Debtor | Sportco Holdings, Inc. | | Case Number (if known): | 19-11299 |
|---|---|---|---|---|
| | Name | | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.7 | JERRY`S SPORTS, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263)<br>☐ E/F<br>☐ G |
| 2.8 | JERRY`S SPORTS, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272)<br>☐ E/F<br>☐ G |
| 2.9 | OUTDOOR SPORTS HEADQUARTERS, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263)<br>☐ E/F<br>☐ G |
| 2.10 | OUTDOOR SPORTS HEADQUARTERS, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272)<br>☐ E/F<br>☐ G |
| 2.11 | SIMMONS GUN SPECIALTIES, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263)<br>☐ E/F<br>☐ G |
| 2.12 | SIMMONS GUN SPECIALTIES, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272)<br>☐ E/F<br>☐ G |
| 2.13 | UNITED SPORTING COMPANIES, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | BANK OF AMERICA, N A, AS AGENT | ☑ D (s3263)<br>☐ E/F<br>☐ G |
| 2.14 | UNITED SPORTING COMPANIES, INC.<br>267 COLUMBIA AVENUE<br>CHAPIN, SC  29036 | PROSPECT CAPITAL CORPORATION, AS AGENT | ☑ D (s3272)<br>☐ E/F<br>☐ G |