# EXHIBIT B

<u>Declaration</u>

DM_US 161412412-1.105320.0013
69769020.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | Case No. 19-11299 (LSS)<br>(Jointly Administered) |
| Debtors. | |

**DECLARATION OF DALTON EDGECOMB IN SUPPORT OF
DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING
PROCEDURES FOR THE SALE OF THE BELLEFONTAINE FACILITY,
(B) AUTHORIZING THE DEBTORS TO ENTER INTO THE STALKING HORSE APA,
(C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER
OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT
PROCEDURES, (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM
AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OF
THE BELLEFONTAINE FACILITY FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES AND (B) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
AND (III) GRANTING RELATED RELIEF**

I, Dalton Edgecomb, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am the Chief Restructuring Officer of SportCo Holdings, Inc. and each of its affiliates (collectively, the "Debtors"), which have filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (the "Chapter 11 Cases"). I am also a Managing Member and one of the founders of Winter Harbor LLC ("Winter Harbor"), a financial advisory services firm that maintains offices at 265 Franklin Street, 10th Floor, Boston, Massachusetts, 02110.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

2

2.	I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of the Bellefontaine Facility, (B) Authorizing the Debtors to Enter into the Stalking Horse APA, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Bellefontaine Facility Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Motion"). Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

3.	In the Motion, the Debtors seek entry of (a) an order in the form attached to the Motion as Exhibit A (the "Bid Procedures Order") (i) approving the proposed auction and bidding procedures attached to the Bid Procedures Order as Exhibit 1 (the "Bidding Procedures") for the sale of that certain parcel of real property located at and commonly known as 1 Hunter Place, Bellefontaine, Ohio, the structures and improvements located thereon, and any related fixtures, furniture, equipment, and personal property (collectively, the "Bellefontaine Facility"), (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts, (iii) approving the form and manner of notice of all procedures, protections, schedules, and agreements, and (iv) scheduling a hearing to approve the sale transaction; and (b) following a hearing to approve the sale, an order in the form attached to the Motion as Exhibit C (the "Sale Order") (i) approving the sale of the Bellefontaine Facility free and clear of all liens, claims, interests, and encumbrances, (ii)

3

authorizing the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting related relief.

4. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge, my discussions with members of the Debtors' management team and the Debtors' other advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

## PREPETITION MARKETING PROCESS

5. On January 22, 2019, the Debtors retained Houlihan Lokey Capital, Inc. ("Houlihan") to run a sale process for the Debtors on a going concern basis in order to maximize the value of the Debtors' business and, thus, maximize the recoveries for the Debtors' creditors.

6. Houlihan contacted representatives of fifty-four (54) parties that Houlihan believed would be interested in pursuing a going concern transaction for the Debtors' businesses.

7. Houlihan's marketing efforts resulted in significant interest in a transaction from at least four (4) parties (the "Interested Parties"). Despite this level of interest, only two Interested Parties submitted non-binding indications of interest for a purchase of the Debtors' assets on a going concern basis.

8. Ultimately, none of the Interested Parties presented an offer that the Debtors' boards of directors considered to be value-maximizing after considering all relevant factors.

9. On May 29, 2019, the Debtors retained CBRE, Inc. ("CBRE") to market and sell the Bellefontaine Facility. Through the efforts of CBRE, the Debtors received an indication of

interest from E Brothers Ltd. (the "Stalking Horse Bidder") on or around the first week of June 2019.

10. Following the commencement of these Chapter 11 Cases, the Debtors entered into negotiations with the Stalking Horse Bidder regarding the purchase of the Bellefontaine Facility for $7.395 million. The terms of the purchase were negotiated at arm's length, and the Debtors and the Stalking Horse Bidder were each represented by their own counsel. On July 24, 2019, the Debtors agreed to terms with the Stalking Horse Bidder and entered into that certain Agreement of Purchase and Sale dated as of that date, a copy of which is attached to the Motion as **Exhibit D**.

## THE BIDDING PROCEDURES

11. The Debtors have decided to sell the Bellefontaine Facility in a sale pursuant to Section 363 of the Bankruptcy Code for several reasons. First, a prompt sale of the Bellefontaine Facility will enable the Debtors to continue their orderly liquidation and otherwise maximize the value of the Debtors' assets in an efficient and expeditious manner. The Debtors do not have the financial resources for a protracted Chapter 11 process. Indeed, a reorganization is not viable given the Debtors' lack of liquidity, inability to access replacement capital, and inability to satisfy creditor claims. The Debtors, with the assistance of their advisors, considered all strategic options and concluded that a sale in accordance with the protections afforded by the Bankruptcy Code is the best way to maximize the value of the Bellefontaine Facility and yield the best possible recovery for creditors.

12. With the assistance of CBRE and their other professionals, the Debtors developed the Bidding Procedures with these objectives in mind. By establishing global dates for submitting bids, conducting the Auction, and approving and closing the Sale, the Bidding

Procedures will provide clarity as to the Debtors' bidding and auction process to all interested parties. It is my opinion that the Bidding Procedures will allow the Debtors to obtain the highest or otherwise best value for the Bellefontaine Facility under the circumstances of these Chapter 11 Cases. The Bidding Procedures are designed to establish a fair, open and competitive post-petition bidding and auction process, subject to the time limitations driven by the milestones established in connection with the Debtors' consensual use of cash collateral and the Debtors' liquidity and cash flow.

13. The proposed sale timeline enables the Debtors to continue their orderly liquidation and also subjects the Bellefontaine Facility to one final marketing opportunity. Any delay in the proposed process is unnecessary given the extensive marketing to date, and would jeopardize the current sale.

14. In conclusion, I believe that approval of the Bidding Procedures will enable the Debtors to obtain the best possible recovery for their creditors under the circumstances of these Chapter 11 Cases, and preserve and maximize the value of the Debtors' estates to the benefit of all stakeholders.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 25, 2019

By:  */s/ Dalton T. Edgecomb*
 Dalton T. Edgecomb
 Chief Restructuring Officer
 SportCo Holdings, Inc.