THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTCO HOLDINGS, INC., *et al.*,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No. 19-11299 (LSS)<br>(Jointly Administered)<br><br>**Re: Docket No. 193, 278, 360 & 361** |

**ORDER (I) AUTHORIZING THE SALE OF THE BELLEFONTAINE
FACILITY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 363, 365 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the sale (the "Sale") of the Debtors' facility located at 1 Hunter Place, Bellefontaine, Ohio (the "Bellefontaine Facility") free and clear of liens, claims, encumbrances, and other interests, except as provided by the Amended and Restated Agreement of Purchase and Sale (the "Purchase Agreement") between Ellett Brothers, LLC and E Brothers Ltd. (the "Successful Bidder") and (b) approving the assumption and assignment of certain of the Debtors' executory

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:  Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or Purchase Agreement, as applicable.

- 1 -

contracts unexpired leases related thereto (the "Assumed Contracts") to the Successful Bidder; and (c) granting related relief; and the Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Sale Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and the *Declaration of Matthew H Robinson, Manager of E Brothers Ltd., in Support of Entry of the Debtors' Proposed Sale Order* [Docket No. 360], and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause having been shown:

IT IS FOUND AND DETERMINED THAT:

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

DM_US 162555426-1.105320.0013
70348525.2

B.      The Debtors' notice of the Bid Procedures, Auction, and Sale Hearing was appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

C.      The Successful Bidder is not a successor to Debtor or the bankruptcy estates by any reason or theory of law or equity, and the Successful Bidder shall not be subject to successor liability for any products sold prior to Closing.

D.      The Purchase Price was negotiated at arms' length and constitutes fair consideration for the Bellefontaine Facility.  The Successful Bidder is a good faith purchaser of the Bellefontaine Facility pursuant to Bankruptcy Code section 363(m), and the provisions of Bankruptcy Code section 363(n) have not been violated.

E.      Notice of the hearing on the Sale Motion and any related auction was proper under the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

F.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1.      The motion is GRANTED as set forth herein.  The Sale of the Bellefontaine Facility to the Successful Bidder on the terms and conditions set forth in the Successful Bidder's Purchase Agreement is approved.  The Debtor is authorized to consummate the transactions under the Purchase Agreement in accordance with this Order.

2.      All objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3.      The Successful Bidder's offer for the Bellefontaine Facility as embodied in the Purchase Agreement, is the highest and best offer and is hereby approved.

4.      The Purchase Agreement annexed hereto as **Exhibit A** is hereby approved pursuant to Bankruptcy Code section 363(b), and the Debtor is authorized to consummate and perform all of its obligations under the Purchase Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Purchase Agreement.

5.      Pursuant to Bankruptcy Code section 363(f), the Bellefontaine Facility may be sold and transferred free and clear of all liens, claims, encumbrances, and other interests, except as otherwise provided in the Purchase Agreement, with any and all such liens, claims, encumbrances, and other interests to attach to the proceeds of such Sale with the same validity (or invalidity), priority, force, and effect such liens, claims, encumbrances, and other interests had on the assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such liens, claims, encumbrances, and other interests.

6.      The Successful Bidder is not a successor to Debtor or the bankruptcy estate by any reason or theory of law or equity, and the Successful Bidder shall not be subject to successor liability for any products sold prior to Closing.  All creditors or other persons are hereby barred from bringing any claim or asserting any liens, claims, encumbrances, and other interests against the Successful Bidder or the assets.

7.      Pursuant to Bankruptcy Code section 365, the assignment and assumption of the Assumed Contracts of the Debtors, as identified in the Purchase Agreement, by the Successful Bidder, is hereby authorized and approved in all respects.  As a condition to Debtors assumption and assignment of the Assumed Contracts to the Successful Bidder, all cure amounts owing to

the counterparties to the Assumed Contracts that are assumed at the Closing shall be paid concurrently with the Closing in accordance with the Purchase Agreement. Any provision in an Assumed Contract that purports to prohibit the assignment of such Assumed Contract, or that purports to allow the counterparty to terminate, recapture, or impose penalties upon assignment, constitute unenforceable anti-assignment provisions. Upon closing, in accordance with Bankruptcy Code sections 363 and 365, the Successful Bidder shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Assumed Contracts, and the Assumed Contracts shall remain in full force and effect for the benefit of the Successful Bidder. The Successful Bidder has provided adequate assurance of future performance under the Assumed Contracts within the meaning of Bankruptcy Code section 365. Notwithstanding the foregoing or anything to the contrary in the Purchase Agreement, Bid Procedures Order, or any other order of this Court entered in these Chapter 11 Cases, the Successful Bidder may remove any Assumed Contract from the list of contracts to be assumed and assigned to the Successful Bidder prior to the Closing.

8.       Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Sale by the Debtors to the Successful Bidder and the transactions related thereto, upon the closing of the Purchase Agreement, are authorized and approved in all respects.

9.       The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

10.      The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtors, creditors of the Debtors, and all other parties in interest in these Chapter 11 Cases, and any successors of the Debtors, including any trustee or examiner appointed in any of these cases or upon a conversion of any of these cases to Chapter 7 of the Bankruptcy Code.

DM_US 162555426-1.105320.0013
70348525.2

11.     The Successful Bidder is a good faith purchaser entitled to the benefits, protections and immunities afforded by Bankruptcy Code section 363(m), and the provisions of Bankruptcy Code section 363(n) have not been violated.  No reversal or modification of this Order on appeal will affect the validity of the Purchase Agreement or the transaction contemplated thereby.  The Successful Bidder is not an "insider" as defined by Bankruptcy Code section 101.  Neither the Debtors nor the Successful Bidder are or will be entering into the Purchase Agreement fraudulently, or for the purposes of hindering, delaying, or defrauding any of the Debtors' creditors, and the Purchase Price (as defined in the Purchase Agreement) constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and Bankruptcy Code section 548) for the purchased assets.

12.     With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to the Successful Bidder, and the sale transaction consummated pursuant to this Order and shall be binding on all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, who are hereby authorized to act in accordance with this Order and authorized to rely upon this Order in consummating the transactions contemplated hereby.

DM_US 162555426-1.105320.0013
70348525.2

13.     In connection with and upon the occurrence of a closing of the transactions provided for under the Purchase Agreement and this Order, the Debtors shall direct or cause all excess sale proceeds that otherwise constitute Cash Collateral (as defined in the *Final Order (I) Approving the Debtors' Postpetition Financing, (II) Authorizing the Debtors Continued Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, and (IV) Granting Related Relief* [Docket No. 238]) to be turned over to the Prepetition Term Loan Agent at the closing of the Sale to be applied against, and thereby reduce, the Prepetition Term Loan Obligations.

14.     The failure specifically to include any particular provision of the Purchase Agreement or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Purchase Agreement and each document, agreement, or instrument be authorized and approved in its entirety.

15.     The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

16.     Thomas & Marker Construction Co. is designated as Backup Bidder (as defined in the Bid Procedures), and the final bid submitted by the Backup Bidder at the Auction on September 6, 2019 is the Backup Bid.

DM_US 162555426-1.105320.0013
70348525.2

17.    This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith.

**Dated: September 12th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

DM_US 162555426-1.105320.0013
70348525.2