## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | Case No. 19-11299 (LSS) |
| Debtors. | (Jointly Administered) |

### DEBTORS' MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR APPROVAL OF SETTLEMENT BETWEEN JERRY'S SPORTS CENTER, INC. AND UPSTATE ARMORY GROUP, INC.

SportCo Holdings, Inc. and certain of its wholly-owned direct and indirect subsidiaries, including Jerry's Sports Center, Inc. ("Jerry's"), as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the *Settlement Agreement and Mutual Release of Claims*, dated July 22, 2019 and attached to the Proposed Order as **Exhibit 1** (the "Settlement Agreement") between Jerry's and the Upstate Armory Group, Inc. ("Upstate"). In support of the Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a) and Bankruptcy Rule 9019.

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### A.    General Case Background

5.      On June 10, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6.      The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.      On June 17, 2019, an Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee") was appointed by the United States Trustee.  *See Notice of Appointment of Creditors' Committee* [Docket No. 58].

8.      The factual background regarding the Debtors, including a description of the Debtors' business, capital structure, and the circumstances leading to these Chapter 11 Cases are set forth in the *Declaration of Bradley P. Johnson In Support of Debtors' Chapter 11 Petitions and First-Day Motions* [Docket No. 9], which is incorporated herein by reference.

2

**B.**     **Facts Related to Settlement**

9.     On April 25, 2019, Jerry's filed a formal civil action (the "Lawsuit") against Upstate in the Court of Common Pleas for the Thirteenth Judicial Circuit in Greenville County, South Carolina, seeking $44,361.80 in damages.

10.     The Lawsuit is captioned *United Sporting Companies, Inc. d/b/a Jerry's Sports Center, Inc. vs. Upstate Armory Group, Inc.*, Civil Action No. 2019-CP-23-02351.

11.     After arm's length negotiations, Jerry's and Upstate have agreed to settle the Lawsuit according to the terms set forth in the Settlement Agreement.

<u>THE SETTLEMENT AGREEMENT</u>

12.     The Settlement Agreement provides that Jerry's will accept and Upstate will pay $22,000.00 (the "Settlement Payment") in full settlement of the Lawsuit.

13.     The Settlement Payment is to be made within ten (10) days of Jerry's notifying Upstate that this Court has approved the Settlement Agreement.

14.     In exchange for the Settlement Payment, Jerry's agrees to release all of its claims and causes of action of any nature whatsoever against Upstate and its affiliates, successors, and agents.

15.     Upstate likewise agrees to release all of its claims and causes of action of any nature whatsoever against Jerry's and its affiliates, successors, and agents.

<u>RELIEF REQUESTED</u>

16.     By this Motion, the Debtors request that the Court enter the Proposed Order approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

17.     Federal Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."    Pursuant to Bankruptcy Rule 9019(a), the authority to approve a compromise settlement is within the sound discretion of the bankruptcy court.    *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005).    In exercising this discretion, courts consider whether the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate.    *See, e.g.*, *In re Penn Cent. Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979); *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997).

18.     A settlement should be approved by a court so long as the settlement is above "the lowest point in the range of reasonableness."    *In re Washington Mutual Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Key3Media Group, Inc.*, 336 B.R. 87, 92-93 (Bankr. D. Del. 2005).    In deciding whether a particular settlement falls within the range of reasonableness, courts consider the following factors: (a) the probability of success in the litigation; (b) the difficulties in collection; (c) the complexity, expense, inconvenience and delay of the litigation; and (d) the paramount interests of creditors. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

19.     In this case, the terms of the Settlement Agreement are within the range of reasonableness.    The Settlement Agreement provides for the immediate resolution of the Lawsuit and allows the Debtors to receive a meaningful recovery without the additional cost and delay necessitated by litigation.    Litigating the Lawsuit would be taxing on the Debtors' limited

resources and would take attention away from these Chapter 11 Cases.  The Debtors therefore submit that approval of the Settlement Agreement is in the best interests of the Debtors' estates and their creditors.

20.    Further, authorizing the Debtors to enter into and effectuate the terms of the Settlement Agreement is well within the equitable powers of this Court.  *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].");  *see also Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.");  *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

21.    The compromise embodied in the Settlement Agreement is the product of extensive, good faith, arm's-length negotiations between the Debtors and Upstate.  In the Debtors' business judgment, the Settlement Agreement provides a fair and practical resolution the contested Lawsuit.  Absent entry into the Settlement Agreement, there is no guarantee the Debtors would be able to recover any portion of the damages claimed in the Lawsuit, and, even if they were able to do so, such result would almost assuredly come at substantial delay and expense to the Debtors.  Approval of the Settlement Agreement, on the other hand, will ensure that the Debtors are able to receive a meaningful payout in a timely fashion.

22.    In this case, the benefits of the Settlement Agreement are well within "the lowest point in the range of reasonableness.  The Debtors submit that the Settlement Agreement

DM_US 163039828-2.105320.0013
70625010.1

(a) is fair, equitable, and in the best interests of the Debtors, their estates, and creditors, and other parties in interest in the Chapter 11 Cases, (b) represents an exercise of the Debtors' sound business judgment, and (c) should be approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## **NOTICE**

23.    The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Upstate; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Official Committee of Unsecured Creditors; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

24.    No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

6

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief

requested herein and granting such other and further relief as the Court deems appropriate.

Dated: September 30, 2019        Respectfully submitted,
       Wilmington, Delaware

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
Email:    cward@polsinelli.com
          bdolphin@polsinelli.com

-and-

**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:(212) 547-5400
Facsimile: (212) 547-5444
Email:    twwalsh@mwe.com
          dazman@mwe.com
          rorloff@mwe.com

*Counsel to the Debtors and*
*Debtors in Possession*

DM_US 163039828-2.105320.0013
70625010.1