# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | Case No. 19-11299-LSS |
| Debtors. | (Jointly Administered) |
|  | Hearing Date: October 21, 2019 @ 10:00 a.m. |
|  | Objection Deadline: October 15, 2019 @ 4:00 p.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' SECOND AMENDED COMBINED CHAPTER 11 PLAN OF LIQUIDATION**

Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), through his undersigned attorneys, objects to confirmation of Debtors' Second Amended Combined Chapter 11 Plan of Liquidation ("Plan", D.E. 394)[2] and states as follows:

## JURISDICTION

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v.*

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evan Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

[2] Terms shall have the same meaning given them in the Plan, Disclosure Statement or Solicitation Procedures Motion unless otherwise noted herein.

*Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

4. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Plan and the issues raised in this objection.

## PRELIMINARY STATEMENT

5. The Plan is a liquidating plan filed pursuant to the provisions of Local Bankrupty Rule 3017-2.

6. The U.S. Trustee objects to confirmation of the Plan to the extent it contains exculpation provisions which are inconsistent with the Bankruptcy Code.

## STATEMENT OF FACTS

7. On June 10, 2019, the Debtors filed their petitions. All of the cases have been ordered jointly consolidated for administrative purposes. On June 17, 2019 the U.S. Trustee appointed an Official Committee of Unsecured Creditors.

8. On August 22, 2019, the Debtors filed their original Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation (D.E. 308), and concurrently therewith a Solicitation Procedures Motion (D.E. 309). On September 13, 2019, the Debtors filed the Second Amended Combined Chapter 11 Plan of Liquidation ("Plan", D.E. 394). On September 17, 2019, the Court conditionally approved the Combined Disclosure Statement and Plan of Liquidation and the Solicitation Procedures Motion (D.E. 399).

9. Plan Section II.A.46 defines Exculpated Parties: "…means, collectively and individually, the Debtors, the Committee, the Prepetition Term Loan Lenders, and each of their respective members, attorneys, financial advisors, investment bankers, accountants, agents and other professionals."

10. Section XI.B. of the Plan contains the following exculpation provision:

Except as otherwise specifically provided in this Combined Plan and Disclosure Statement, the Exculpated Parties and any of such parties' successors and assigns, solely in their capacities as such, shall not have or incur any liability for any claim, action, proceeding, cause of action, avoidance action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or claim (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claim holder or Equity Interest holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Combined Plan and Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, the administration of the Combined Plan and Disclosure Statement, or the property to be liquidated and/or distributed under the Combined Plan and Disclosure Statement, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, *and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement.* (Emphasis added).

The foregoing paragraph shall apply to attorneys only to the extent permissible under applicable bar rules and applicable case law.

## ARGUMENT

### The Exculpation Provision is Overbroad

11. Plan Section XI.B proposes to exculpate parties from conduct taking place during the case. The definition of Exculpated Party includes the Pre-Petition Term Loan Lenders who are not estate fiduciaries. Including this entity in the exculpation provision is overbroad. The definition "Exculpated Parties" should be revised to remove the Pre-Petition Term Loan Lender. The list of parties receiving exculpation should be limited to those parties who served in the capacity of estate fiduciaries, *i.e.*, the creditors' committee, its members, estate professionals and the Debtor's directors and officers. *See In re Indianapolis Downs, LLC,* 486 B.R. 286 (Bankr. D. Del. 2013); *In re Tribune Co.*, 464 B.R. 126, 189 (Bankr. D. Del. 2011)*; In re PTL Holdings, LLC*, 2011 WL 5509031 *12 (Bankr. D. Del. Nov. 10, 2011); *In re Washington Mutual Inc.*, 442 B.R. 314, 350 (Bankr. D. Del. 2011). See also *PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000).

12. As stated by the Court in *In re Washington Mutual, Inc.*, 442 B.R. 314 (Bankr. D. Del. 2011)(Walrath, J.)*,* an "exculpation clause must be limited to the *fiduciaries* who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *Id.* at 350-51 (emphasis added). The Court in *In re Tribune Company,* 464 B.R. 126 (Bankr. D. Del. 2011)(Carey, J.), stated agreement with the holding in *Washington Mutual* relating to exculpated parties, and held that the exculpation clause in *Tribune,* "must exclude non-fiduciaries." *Id.* at 189, quoting *Washington Mutual,* 422 B.R. at 350 -51. *Accord, Indianapolis Downs, 486 B.R. 286 (Bankr. D. Del. 2013).*

13. Additionally, the highlighted language relating to reliance upon the advice of counsel should also be stricken. Reliance upon the advice of counsel is a defense that may be asserted at common law. Including such a provision in a clause like this tends to elevate the

issue from a defense to an immunity. Further, to the extent the provision is not limited to written advice, the clause would permit any affected person to simply claim they were relying upon the advice of counsel, irrespective of the underlying facts.

## **CONCLUSION**

14.     Unless the Exculpation provision in the Plan is amended so that it benefits only fiduciaries of the Debtors' estates, and eliminates the "reliance upon counsel" provision, the Plan should not be confirmed.

**WHEREFORE,** the U.S. Trustee respectfully requests that this Court issue an order denying confirmation of the Plan, and/or granting such other relief as this Court deems appropriate, fair and just.

Dated: October 15, 2019  
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**  
**ACTING UNITED STATES TRUSTEE**  
**Region 3**

By: */s/ David L. Buchbinder*  
David L. Buchbinder, Esquire  
Trial Attorney  
United States Department of Justice  
Office of the United States Trustee  
J. Caleb Boggs Federal Building  
844 King Street, Suite 2207  
Wilmington, DE 19801  
(302) 573-6491  
(302) 573-6497 (Fax)  
david.l.buchbinder@usdoj.gov