**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-11299 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF VOTING AGENT, BRADFORD DANIEL, ON BEHALF OF BMC GROUP, INC., REGARDING SOLICITATION AND TABULATION OF BALLOTS ACCEPTING AND REJECTING THE COMBINED DISCLOSURE STATEMENT AND <u>CHAPTER 11 PLAN OF LIQUIDATION OF SPORTCO HOLDINGS, INC.</u>**

Bradford Daniel, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am over eighteen years of age and not a party to the above-captioned cases. I am employed as a Director by BMC Group, Inc. ("**BMC**"), the voting agent for the above-captioned debtors and debtors in possession (the "**Debtors**") in the Chapter 11 case. BMC's business address is 3732 W. 120th Street, Hawthorne, California 90250.

2. On September 17, 2019, the Court entered its *Order (A) Approving on Conditional Basis Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures.* [Docket No. 399] (the "**Conditional Approval and Procedures Order**"). On September 13, 2019, the Debtor filed its *Second Amended Combined*

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evan Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (9355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

*Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 394] (the "**Combined Disclosure Statement and Plan**").

3. Under the terms of the Combined Disclosure Statement and Plan, only Other Priority Claims, Pre-Petition Term Loan Claims, Secured Claims, General Unsecured Claims and Pre Petition Deficiency Term Loan Claims, Wellspring Subordinated Claims, and Equity Interests against the Debtor have been classified, as follows:

| CLASS | CLAIM | STATUS | VOTING RIGHTS |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Pre-Petition Term Loan Claims | Impaired | Entitled to Vote |
| 3 | Other Secured Claims | Unimpaired | Deemed To Accept |
| 4 | General Unsecured Claims and Pre Petition Deficiency Term Loan Claims | Impaired | Entitled to Vote |
| 5 | Wellspring Subordinated Claims | Impaired | Deemed to Reject |
| 6 | Equity Security Interests | Impaired | Deemed to Reject |

4. In accordance with the established procedures to solicit votes from and tabulate Ballots submitted by holders entitled to vote on the Plan (the "**Solicitation Procedures**") approved by the Court in the Conditional Approval and Procedures Order, BMC served solicitation packages containing the following via U.S. Postal Service First Class Mail on September 20, 2019 (the "**Solicitation Packages**"):

a) The *Notice of (I) Deadline for Casting Votes to Accept or Reject the Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation, (II) the Hearing to Consider Confirmation of the Combined Plan and Disclosure Statement and (III) Certain Related Matters* (the "**Confirmation Hearing Notice**");

70871520.1

b) the Conditional Approval and Procedures Order and the Combined Disclosure Statement and Plan, on CD-ROM;

c) The appropriate Plan Class Ballot;

d) A Plan Support Letter from the Committee

e) A self-addressed return envelope.

5. The Combined Disclosure Statement and Plan, Confirmation Hearing Notice, and Conditional Approval and Procedures Order were also posted to the BMC Website at [www.bmcgroup.com/usc](www.bmcgroup.com/usc). The Confirmation Hearing Notice contained information informing parties in interest that such documents are available for viewing or downloading, free of charge, on the Debtors' restructuring website, at www.bmcgroup.com/usc, or by contacting BMC at (888) 909-0100.

6. A certificate evidencing service of the Solicitation Packages in accordance with the Conditional Approval and Procedures Order was filed with the Court on October 4, 2019 [Docket No. 451].

7. Pursuant to the Conditional Approval and Procedures Order, the Court established September 17, 2019 as the Voting Record Date and 4:00 p.m. Eastern Time on October 15, 2019 as the Voting Deadline.

8. The Combined Disclosure Statement and Plan and Conditional Approval and Procedures Order served as BMC's guide for the solicitation and tabulation of votes to accept or reject the Plan, and all Ballots received were reviewed and tabulated in accordance with the procedures described therein.

9.      Pursuant to the Plan and the Solicitation Procedures, only holders as of the Voting Record Date in the following Class were entitled to vote to accept or reject the Plan (the "**Voting Class**"):

| **IMPAIRED CLASS AND DESCRIPTION** | **ACCEPT** | | **REJECT** | |
|---|---|---|---|---|
| | **VOTES COUNTED** | **AMOUNT** | **VOTES COUNTED** | **AMOUNT** |
| **Class 2 Prepetition Term Loan Claims** | 6<br>100.00% | $249,800,405.00<br>100.00% | 0<br>0.00% | $0.00<br>0.00% |
| **Class 4 General Unsecured Claims and Prepetition Term Loan Deficiency Claims** | 150<br>96.77% | $245,978,922.13<br>99.98% | 5<br>3.23% | $40,216.45<br>0.02% |

10.     Attached hereto as Exhibit A is the full tabulation report that provides both a summary of, and the detail behind, all Ballots received as of the Voting Deadline. Exhibit A also sets forth whether any Ballots cast were excluded from tabulation and the basis for such exclusion.

11.     In tabulating the Ballots, in accordance with the Conditional Approval and Procedures Order the following Ballots were not counted in determining the acceptance or rejection of the Plan:

(a) Except as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Combined Plan and Disclosure Statement;

(b) Ballots transmitted by facsimile or electronic mail will not be counted;

(c) Any Ballot that does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement or that indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted;

(d) Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted;

(e) Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots;

(f) If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

(g) Claimholders may not split their vote within a class, and thus each Claimholder will be required to vote all of its Claims within a Voting Class either to accept or reject the Plan;

(h) Ballots partially rejecting and partially accepting the Plan will not be counted.

(i) No ballot should be sent directly to the Debtors;

(j) Unless waived or as ordered by the Court, any defects or irregularities in connection with delivers of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court delivery of the ballots will not be deemed to have been made until such irregularities have been cured or waived;

(k) For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or otherwise ordered by the Court

(l) Ballots received that do not evidence the amount or evidence an incorrect amount of such Creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Bankruptcy Court or, if no such Final Order exists, then (i) based upon filed proofs of Claim, or (ii) the Schedules filed by the Debtors if no proof of claim has been filed by such Creditor, and counted as a vote to accept or reject the Plan.

12. Subject to any contrary order of the Court, the Debtors reserved the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court. All Ballots received by BMC that contained defects which were waived by the Debtors are described as to the nature of the defect on the report attached as Exhibit A hereto.

70871520.1

13.  All Ballots received by BMC are stored at BMC's Hawthorne office, located at 3732 W. 120th Street, Hawthorne, California 90250 and are available for inspection by the Court or any party in interest.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 17, 2019

                                          */s/ Bradford Daniel*
                                          Bradford Daniel
                                          Director
                                          BMC Group, Inc.