# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTCO HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 19-11299 (LSS)<br>(Jointly Administered)<br><br>Ref. Docket Nos. 365, 450, 464-66 |

## STIPULATED ORDER (I) RESOLVING (A) WELLSPRING'S RULE 3018 MOTION AND (B) COMMITTEE'S OBJECTION TO WELLSPRING'S CLAIMS AND (II) TEMPORARILY ALLOWING CERTAIN WELLSPRING CLAIMS FOR VOTING PURPOSES ONLY[2]

**WHEREAS**, between August 26 and 29, 2019, Wellspring Capital Management LLC, Wellspring Capital Partners IV, L.P., WCM GenPar IV, L.P., and WCM GenPar IV GP, LLC (together, the "Wellspring Creditors"), filed proofs of claim 92, 94, 97-123, 125-137, 139-158, and 160-214 (collectively, the "Wellspring Claims") against the Debtors;

**WHEREAS**, on September 10, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed *The Official Committee of Unsecured Creditors' Omnibus Substantive Objection to the Classification of Proofs of Claim Nos. 92, 94, 97-123, 125-137, 139-158, 160-214 Filed by Wellspring Capital Management LLC, Wellspring Capital Partners IV, L.P., WCM GenPar IV, L.P., and WCM GenPar IV GP, LLC* [Docket No. 365] (the "Committee Objection");

---

[1] The "Debtors," together with the last four digits of each Debtor's federal tax identification number, are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 394].

11313881/1

**WHEREAS**, on October 4, 2019, the Wellspring Creditors filed *The Wellspring Creditors' (I) Response to Committee's Omnibus Substantive Objection to Classification of Wellspring Claims and (II) Rule 3018 Motion for Temporary Allowance of the Wellspring Claims for Voting Purposes* [Docket No. 450] (the "Response and Motion");

**WHEREAS**, on October 15, 2019, the Committee filed *The Official Committee of Unsecured Creditors' (I) Reply in Further Support of the Committee's Omnibus Objection to the Classification of the Wellspring Claims and (II) Objection to Wellspring's Motion for Temporary Allowance of the Wellspring Claims for Voting Purposes* [Docket No. 464] (the "Committee Reply");

**WHEREAS**, the Committee Reply included a settlement offer temporarily allowing certain of the Wellspring Claims for voting purposes only on the terms and conditions set forth therein (the "Settlement Offer");

**WHEREAS**, on October 15, 2019, the Debtors filed the *Joinder, and Objection in its Own Right, of the Debtors to the Official Committee of Unsecured Creditors' (I) Reply in Further Support of the Committee's Omnibus Objection to the Classification of the Wellspring Claims and (II) Objection to Wellspring's Motion for Temporary Allowance of the Wellspring Claims for Voting Purposes* [Docket No. 466] (the "Debtors' Joinder," and together with the Committee Objection, the Response and Motion, the Committee Reply, and the Prospect Reply (as defined herein), the "Pleadings");

**WHEREAS**, the Debtors support the Settlement Offer;

**WHEREAS**, also on October 15, 2019, Prospect Capital Corporation ("Prospect" and together with the Wellspring Creditors, the Committee and the Debtors collectively, the "Parties") filed the *Response of Prospect Capital Corporation in Opposition to Wellspring's Rule*

2

11313881/1

*3018 Motion and in Support of the Reclassification of Wellspring's Claims* [Docket No. 465] (the "Prospect Reply"); and

**WHEREAS**, the Wellspring Creditors and the Committee have engaged in arm's length discussions regarding the Pleadings and the Settlement Offer, and have agreed to implement the Settlement Offer as set forth herein, to which the Debtors agree and Prospect consents;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES, AND SO ORDERED BY THE COURT** as follows:

1. Pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure, Proofs of Claim No. 92 (filed by Wellspring Capital Management LLC), 104 (filed by WCM GenPar IV GP, LLC); 148 (filed by Wellspring Capital Partners IV, L.P.), and 182 (filed by WCM GenPar IV, L.P.) (together, the "Voting Claims") are hereby temporarily allowed for voting purposes only in the amounts (the "Liquidated Amounts") of $3,486,259.00, $36.00, $36.00, and $36.00, respectively. All of the other Wellspring Claims are temporarily disallowed for voting purposes only.

2. The Wellspring Creditors are entitled to vote each Voting Claim for or against the *Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 394] (the "Plan") as Class 4 – General Unsecured Claims in the Liquidated Amounts as set forth in the table below:

| Wellspring Entity | Proof of Claim Number | Number of Voting Ballots | Claim Amount for Voting Purposes Only | Classification under Plan |
|---|---|---|---|---|
| Wellspring Capital Management LLC | 92 | 1 | $3,486,259.00 | Class 4 – General Unsecured Claims and Prepetition Term Loan Deficiency Claim |
| WCM GenPar IV GP, LLC | 104 | 1 | $36.00 | Class 4 – General Unsecured Claims and Prepetition Term Loan Deficiency Claim |
| Wellspring Capital Partners IV, L.P. | 148 | 1 | $36.00 | Class 4 – General Unsecured Claims and Prepetition Term Loan Deficiency Claim |
| WCM GenPar IV, L.P. | 182 | 1 | $36.00 | Class 4 – General Unsecured Claims and Prepetition Term Loan Deficiency Claim |
| Totals | | 4 | $3,486,377.00 | |

3. For the avoidance of doubt, and for voting purposes only, (a) each of the Wellspring Creditors has only one Class 4 Claim and is entitled to vote one Class 4 Ballot in Class 4; and (b) the Voting Claims are not classified as Class 5 – Wellspring Subordinated Claims.

4. Subject to paragraph 5 of this Order, Local Rule 3007-1 does not bar the Parties or the Liquidation Trustee (as defined in the Plan) from raising additional objections, defenses, or arguments with respect to the Wellspring Claims.

5. If the Court enters an order or makes a ruling, decision or determination denying confirmation of the Plan or the substantive consolidation proposed therein, then immediately upon such order or ruling being issued, this Order shall have no further force or effect, shall be null and void, and (a) all rights of the Parties with respect to the Pleadings and the Wellspring Claims are fully preserved, (b) the Parties and all of their rights shall be restored *status quo ante* as if this Order had never been entered, and (c) the Pleadings shall be scheduled for a status conference before the Court as soon as reasonably practicable, absent an agreement by the parties or further order of this Court to the contrary.

6. Subject to paragraph 5 of this Order, all other relief requested in the Pleadings is hereby DENIED without prejudice.

11313881/1

7. Notwithstanding anything herein to the contrary, this Order shall not or shall not be deemed to constitute or be construed as having any effect whatsoever on: (a) the allowance or disallowance or subordination of any or all of the Wellspring Claims (including, for the avoidance of doubt, the Temporarily Allowed Claims) for any purpose other than temporary allowance for voting on the Plan to the extent set forth in this Order; (b) any other rights, claims, prosecution or defense of any or all of the Wellspring Claims (including, for the avoidance of doubt, the Temporarily Allowed Claims); or (c) any other rights of any parties with respect to any other claims or defenses, including any other claims or defenses in the S.C. Action, as such term is defined in the Plan.

8. Neither this Order, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Order shall be or shall be deemed to be, or construed as: (a) an admission by any of the Parties of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; and (b) a waiver of any of the Parties' rights to raise any and all arguments, objections, or defenses, including (but not limited to) with respect to the Wellspring Claims, the Plan or the S.C. Action, as such term is defined in the Plan.

9. This Order shall be immediately effective and enforceable upon approval by the Court.

10. This Court shall retain jurisdiction to hear and determine all matters and disputes arising out of or relating to the implementation or interpretation of this Order.

*[Remainder of Page Intentionally Left Blank]*

11313881/1

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the Parties have executed and delivered this Order as of the date first set forth above:

| | |
|---|---|
| **Agreed to by:** | **Agreed to by:** |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** | **THE WELLSPRING CREDITORS** |
| /s/ Eric J. Monzo | /s/ Ian J. Bambrick |
| **MORRIS JAMES LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Eric J. Monzo, Esq. (Del. Bar No. 5214) | Pauline K. Morgan, Esq. (Del. Bar No. 3650) |
| Brya M. Keilson, Esq. (Del Bar No. 4643) | M. Blake Cleary, Esq. (Del Bar No. 3614) |
| 500 Delaware Avenue | Ian J. Bambrick, Esq. (Del Bar. No. 5455) |
| Suite 1500 | 1000 North King Street |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19801 |
| Telephone: (302) 888-6800 | Telephone: (302) 571-6600 |
| Facsimile: (302) 571-1750 | Facsimile: (302) 571-1253 |
| Email: emonzo@morrisjames.com | Email: pmorgan@ycst.com |
|         bkeilson@morrisjames.com |         mbcleary@ycst.com |
| | ibambrick@ycst.com |
| **Agreed to by:** | **Consented to by:** |
| **THE DEBTORS AND DEBTORS IN POSSESSION** | **PROSPECT CAPITAL CORPORATION** |
| /s/ Christopher A. Ward | /s/ Victoria Guilfoyle |
| **POLSINELLI PC** | **BLANK ROME LLP** |
| Christopher A. Ward, Esq. (Del. Bar No. 3877) | Regina S. Kelbon, Esq. (Del. Bar No. 5444) |
| Brenna A. Dolphin, Esq. (Del Bar. 5604) | Victoria Guilfoyle, Esq. (Del Bar No. 5183) |
| 222 Delaware Avenue, Suite 1101 | 1201 N. Market Street, Suite 800 |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19801 |
| Telephone: (302) 252-0920 | Telephone: (302) 425-6400 |
| Facsimile: (302) 252-0921 | Facsimile: (302) 425-6464 |
| Email: cward@polsinelli.com | Email: kelbon@blankrome.com |
|         bdolphin@polsinelli.com |         guilfoyle@blankrome.com |

SO ORDERED, this 21 day of October, 2019

_[signature]_
THE HONORABLE LAURIE S. SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

11313881/1