## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SPORTCO HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-11299 (LSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
| _____ | ) | **Re: Docket No. 521** |

## ORDER CONFIRMING DEBTORS' FOURTH AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION

WHEREAS, SportCo Holdings, Inc. and certain of its wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") have proposed and filed with the United States Bankruptcy Court for the District of Delaware (the "Court"): (a) the *Debtors' Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* (as amended, the "Combined Plan and Disclosure Statement")[2] [Docket No. 521], and (b) the *Debtors' Motion for the Entry of an Order (A) Conditionally Approving the Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation for Solicitation Purposes Only on Limited Notice, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the*

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:  Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355); and United Sporting Companies, Inc. (5758).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.  A copy of the Combined Plan and Disclosure Statement is annexed hereto as **Exhibit A**.

1

*Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving*

*Related Notice Procedures* (the "<u>Motion</u>") [Docket No. 309];

WHEREAS, on September 17, 2019, the Court entered the *Order (A) Approving on a*

*Conditional Basis Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation for*

*Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes*

*to Accept or Reject Combined Disclosure Statement and Plan, (C) Approving the Form of Ballot*

*and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and*

*Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F)*

*Approving Related Notice Procedures* [Docket No. 399] (the "<u>Conditional Approval and</u>

<u>Procedures Order</u>");

WHEREAS, due notice of the Confirmation Hearing has been given to holders of Claims

against the Debtors and other parties in interest in compliance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Conditional Approval

and Procedures Order, by the mailing of the *Notice of (I) Deadline for Casting Votes to Accept or*

*Reject the Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation,*

*(II) the Hearing to Consider Confirmation of the Combined Plan and Disclosure Statement, and*

*(III) Certain Related Matters* [Docket No. 408] (the "<u>Confirmation Notice</u>"), as set forth in the

*Affidavit of Service*, dated October 4, 2019 [Docket No. 451] (the "<u>Confirmation Notice</u>

<u>Affidavit</u>");

WHEREAS, in compliance with the Bankruptcy Code and Conditional Approval and

Procedures Order, the Combined Plan and Disclosure Statement, the Confirmation Notice, and

approved ballots for voting on the Combined Plan and Disclosure Statement (the "<u>Ballots</u>") have

been duly transmitted to Holders of Impaired Claims that are entitled to vote;

2

WHEREAS the Debtors filed a *Declaration of Brad Daniel of BMC Group, Inc. Certifying the Methodology for the Solicitation and Tabulation of Votes and Results of Voting with Respect to the Debtors' Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* on October 17, 2019 [Docket No. 476] and a *Supplemental Declaration of Voting Agent, Bradford Daniel, on Behalf of BMC Group, Inc., Regarding Solicitation and Tabulation of Ballots Accepting and Rejecting the Combined Disclosure Statement and Chapter 11 Plan of Liquidation for SportCo Holdings, Inc.* on October 21, 2019 [Docket No. 485] containing a tabulation of all valid Ballots received (the "Tally of Ballots") and demonstrating acceptance of the Combined Plan and Disclosure Statement by Classes 2 and 4;

WHEREAS, the notice provided in the Confirmation Notice is sufficient under the circumstances and no other or further notice is required;

WHEREAS, on October 21, 2019, the Court conducted a hearing on the Combined Plan and Disclosure Statement (the "Confirmation Hearing");

NOW, THEREFORE, based upon the Court's consideration of the entire record of these Chapter 11 Cases, including, among other things, (i) the Combined Plan and Disclosure Statement, (ii) the Motion, (iii) the Confirmation Notice Affidavit; (iv) any objections to the Combined Plan and Disclosure Statement; and (v) the Confirmation Hearing, and the Court having found that the Combined Plan and Disclosure Statement is confirmable in its current form and all objections thereto have either been settled, withdrawn or overruled at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

**I.**

**FINDINGS**

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Approval and confirmation of the Combined Plan and Disclosure Statement are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtors are the plan proponents in accordance with section 1121(a) of the Bankruptcy Code.  On June 10, 2019 (the "<u>Filing Date</u>"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to hold and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.    <u>Creditors' Committee</u>.  On June 17, 2019, an Official Committee of Unsecured Creditors (the "<u>Committee</u>") was appointed by the United States Trustee.  *See Notice of Appointment of Creditors' Committee* [Docket No. 58].  No trustee, examiner, or other official committee has been appointed in these Chapter 11 Cases.

4

D.      <u>Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125.

E.      <u>Conditional Approval and Procedures Order Compliance</u>.  The Debtors have complied with the Conditional Approval and Procedures Order, including the solicitation process, in all respects.

F.      <u>Burden of Proof</u>.  The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  The Debtors have met such burden.

G.      <u>Voting</u>.  As evidenced by the Tally of Ballots, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the solicitation process set forth in the Conditional Approval and Procedures Order, and applicable nonbankruptcy law.

H.      <u>Solicitation</u>.  The Combined Plan and Disclosure Statement, the Ballots, and the Confirmation Notice were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Conditional Approval and Procedures Order.  The forms of the Ballot adequately addressed the particular needs of these Chapter 11 Cases and are appropriate for the Holders of the Claims in Classes 2 and 4 of the Combined Plan and Disclosure Statement (the "<u>Voting Classes</u>"), which are impaired and may receive a distribution under the Combined Plan and Disclosure Statement, and whose votes were, therefore, solicited.

DM_US 163212985-3.105320.0013
71111970.1

1.      The period during which the Debtors solicited acceptances of the Combined Plan and Disclosure Statement was reasonable in the circumstances of these Chapter 11 Cases and enabled Holders to make an informed decision to accept or reject the Combined Plan and Disclosure Statement.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes (the "Deemed Accepting Classes"), as each such Class is unimpaired under the Combined Plan and Disclosure Statement and conclusively presumed to have accepted the Combined Plan and Disclosure Statement:  Class 1 – Other Priority Claims, Class 2 – Other Secured Claims.

2.      The Debtors also were not required to solicit votes from the Holders of Claims in the following Classes (the "Deemed Rejecting Classes") as such Classes receive no recovery under the Combined Plan and Disclosure Statement and are deemed to reject the Combined Plan and Disclosure Statement:  Class 5 – Wellspring Subordinated Claims, Class 6 – Equity Interests.

3.      As described in and as evidenced by the Tally of Ballots and the Confirmation Notice Affidavit, the transmittal and service of the Combined Plan and Disclosure Statement, the Ballots, and the Confirmation Notice was timely, adequate, and sufficient under the circumstances.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the  Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws, and regulations.  In connection therewith, the Debtors, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

I.      Good Faith.  The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement was negotiated and conducted at arms-length and without collusion with any person or entity.

J.      Notice.  As is evidenced by the Tally of Ballots, the transmittal and service of the Combined Plan and Disclosure Statement, the Confirmation Notice, and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely, and adequate

6

notice in accordance with the Conditional Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

K.    <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Plan and Disclosure Statement is dated and identifies the Debtors as proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

L.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. §  1129(a)(2))</u>. The Debtors have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

M.    <u>Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

N.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Debtors for services or for costs and expenses of the Debtors' professionals in connection with the Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O.    <u>Liquidation Trustee, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code.  The identity of the

DM_US 163212985-3.105320.0013
71111970.1

Liquidation Trustee has been identified in the Plan Supplement and is consistent with the interests of Holders of Claims and Interests in the Debtors and public policy. [Docket No. 449]. On the Effective Date, as set forth in the Combined Plan and Disclosure Statement, the members of the board of directors or managers, as the case may be, and the respective officers, of each of the Debtors shall be deemed to have been removed, and each such Debtor shall be deemed dissolved for all purposes unless the Liquidation Trustee determines that dissolution can have any adverse impact on the Causes of Action.

P.      No Rate Changes (11 U.S.C. § 1129(a)(6)).  After confirmation of the Combined Plan and Disclosure Statement, the Debtors' business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission.  Thus, section 1129(a)(6) of the Bankruptcy Code is satisfied.

Q.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).  The Combined Plan and Disclosure Statement satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis provided in the Disclosure Statement, and the other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each Holder of an impaired Claim or Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

R.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  The Deemed Rejecting Classes are impaired by the Combined Plan and Disclosure Statement and are not entitled to receive or retain any property thereunder.  Therefore, they are deemed to have rejected the

DM_US 163212985-3.105320.0013
71111970.1

Combined Plan and Disclosure Statement pursuant to section 1126(g) of the Bankruptcy Code. As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the fact that the Deemed Rejecting Classes are impaired and are deemed to have rejected the Combined Plan and Disclosure Statement. The Deemed Accepting Classes are not Impaired under the Combined Plan and Disclosure Statement and are deemed to have accepted the Combined Plan and Disclosure Statement. The Holders of Claims in Classes 2 and 4 are Impaired by the Combined Plan and Disclosure Statement and were entitled to vote. Classes 2 and 4 voted to accept the Combined Plan and Disclosure Statement.

  S. <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Allowed Administrative Expense Claims under the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Allowed Priority Tax Claims pursuant to the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

  T. <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>. Holders of Claims in Classes 2 and 4 are Impaired and voted to accept the Combined Plan and Disclosure Statement, determined without including any acceptance of the Combined Plan and Disclosure Statement by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

  U. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Combined Plan and Disclosure Statement provides for the Debtors' assets already liquidated or to be liquidated over time to be distributed to creditors pursuant to the Combined Plan and Disclosure Statement, the Liquidating

DM_US 163212985-3.105320.0013
71111970.1

Trust Agreement, and Bankruptcy Code, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

V.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Combined Plan and Disclosure Statement provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

W.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)</u>.  The Debtors do not maintain retirement plans or other benefits obligations.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Combined Plan and Disclosure Statement.

X.    <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

Y.    <u>The Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

Z.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  The Debtors are moneyed, business, and/or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

AA.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Holders of Interests in the Deemed Rejecting Classes are deemed to have not accepted the Combined Plan and Disclosure Statement.  Based upon the evidence proffered, adduced, and presented by the

10

Debtors at the Confirmation Hearing, the Combined Plan and Disclosure Statement does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the deemed rejection of the Combined Plan and Disclosure Statement by the Deemed Rejecting Classes.

BB. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Combined Plan and Disclosure Statement is the only plan filed in these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

CC. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental entity has objected to the confirmation of the Combined Plan and Disclosure Statement on any such grounds. Therefore, the Combined Plan and Disclosure Statement satisfies the requirements of section 1129(d) of the Bankruptcy Code.

DD. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court and the record of these Chapter 11 Cases, the Debtors and their agents, successors, predecessors, control persons, members, officers, directors, employees and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Combined Plan and Disclosure Statement and their

11

participation in the activities described in section 1125 of the Bankruptcy Code, and therefore are not, and on account of such solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Plan and Disclosure Statement and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation and release provisions set forth in Section XI.B. and XI.C. of the Combined Plan and Disclosure Statement.

EE.    <u>Implementation</u>.  All documents necessary to implement the Combined Plan and Disclosure Statement, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

FF.    <u>Exculpation</u>.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the exculpations set forth in Section XI.B. and elsewhere in the Combined Plan and Disclosure Statement and Confirmation Order.

GG.    Based on the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS, BY THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

DM_US 163212985-3.105320.0013
71111970.1

2.      <u>Notice of the Confirmation Hearing</u>.  Notice of the Confirmation Hearing complied with the terms of the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.      <u>Disclosure Statement</u>.  The Disclosure Statement is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

4.      <u>Solicitation</u>.  The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

5.      <u>Ballots</u>.  The form of Ballot annexed to the Motion is in compliance with Bankruptcy Rule 3018(c), as modified, conforms to Official Form Number 314, and is approved in all respects.

6.      <u>Confirmation of the Combined Plan and Disclosure Statement</u>.  The Combined Plan and Disclosure Statement, annexed hereto as **<u>Exhibit A</u>**, and each of its provisions shall be, and hereby are, approved and confirmed under section 1129 of the Bankruptcy Code.

7.      <u>Objections Resolved or Overruled</u>.  Except as provided herein, all objections, responses, statements and comments, if any, in opposition to the Combined Plan and Disclosure Statement, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

DM_US 163212985-3.105320.0013
71111970.1

8.      <u>General Authorizations</u>.  The Combined Plan and Disclosure Statement was
approved by all officers of the Debtors whose approval was necessary.  Pursuant to the
appropriate provisions of the corporate or business organizations law of the applicable states of
organization of the Debtors, and section 1142(b) of the Bankruptcy Code, no additional action of
the respective directors or stockholders of the Debtors shall be required to authorize the Debtors
to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case
may be, the Combined Plan and Disclosure Statement and any contract, instrument, or other
document to be executed, delivered, adopted or amended in connection with the implementation
of the Combined Plan and Disclosure Statement.

9.      <u>Binding Effect</u>.  On the date of and following entry of this Confirmation Order
and subject to the occurrence of the Effective Date, the provisions of the Combined Plan and
Disclosure Statement shall bind the Debtors, all Holders of Claims and Interests of the Debtors
(irrespective of whether such Claims or Interests are impaired under the Combined Plan and
Disclosure Statement or whether the Holders of such Claims or Interests have accepted the
Combined Plan and Disclosure Statement), any and all non-debtor parties to executory contracts
and unexpired leases with the Debtors, any other party in interest in these Chapter 11 Cases, and
the respective heirs, executors, administrators, successors, or assigns, if any, of any of the
foregoing.

10.      <u>Vesting of Remaining Assets</u>.  Except as otherwise provided in the Combined
Plan and Disclosure Statement, as of the Effective Date, pursuant to the provisions of
Bankruptcy Code section 1141(b) and (c), all Remaining Assets, including but not limited to
Privileged Documents (as defined in the Liquidation Trust Agreement), shall vest in the
Liquidation Trust free and clear of all Claims, liens, encumbrances, charges, membership

14

interests and other interests, except as otherwise expressly provided in the Combined Plan and

Disclosure Statement or this Confirmation Order, and subject to the terms and conditions of the

Combined Plan and Disclosure Statement, the Liquidation Trust Agreement, and this

Confirmation Order.  To the extent the Combined Plan and Disclosure Statement or this

Confirmation Order describes and/or characterizes the South Carolina Action or the South

Carolina Complaint, such description and/or characterization shall not prejudice Wellspring or

any of the other defendants or parties in the South Carolina Action.

11.     <u>Implementation of the Combined Plan and Disclosure Statement</u>.  The Debtors are

hereby authorized to execute, deliver, file, or record such documents, contracts, instruments,

releases, and other agreements, and take such other actions as may be necessary to effectuate,

implement, and further evidence the terms and conditions of the Combined Plan and Disclosure

Statement, including all such actions delineated in Sections VIII and X of the Combined Plan

and Disclosure Statement.

12.     <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.  Pursuant

to Section XII of the Combined Plan and Disclosure Statement, on the Effective Date, all

Executory Contracts not assumed before the Confirmation Date are hereby deemed rejected.  For

the avoidance of doubt, the Debtors shall assume (i) Executory Contracts, if any, relevant to the

preservation of data necessary for the Liquidation Trustee to perform his duties under the

Liquidation Trust Agreement, and (ii) all of their Insurance Policies.

Notwithstanding anything to the contrary in the Plan, this Confirmation Order, or the

Liquidation Trust Agreement, absent a further order of this Court or agreement between the

applicable parties, none of (i) the executory contracts between one or more of the Debtors and

Infor (US), Inc. (including any of its predecessors-in-interest) (the "<u>Infor Agreements</u>") or (ii)

15

the software and related services subject to the Infor Agreements shall be rejected or assumed, assumed and assigned, or otherwise transferred to any party, and all parties' rights are reserved with respect to the Infor Agreements, including, but not limited to, their rejection, assumption, assignment, transferability, cure issues, adequate assurance, executory nature or otherwise.

13.     <u>Assignment of Executory Contracts</u>.  With respect to any Executory Contract assumed by the Debtors prior to, on, or after the Confirmation Date, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, any provision that prohibits, restricts, or conditions the assignment or transfer by the Debtors of any such Executory Contract or that terminates or modifies such Executory Contract or allows the counterparty to such Executory Contract to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such transfer and assignment constitutes an unenforceable anti-assignment provision and is void and of no force or effect for purposes of assignment or transfer pursuant to this paragraph.

14.     <u>Conditions to Effective Date</u>.  The Combined Plan and Disclosure Statement shall not become effective unless and until the conditions set forth in Section XIII.A. of the Combined Plan and Disclosure Statement and in this Confirmation Order have been satisfied or waived pursuant to Section XIII.C. of the Combined Plan and Disclosure Statement.  In the event that one or more of the conditions specified in Section XIII.A. of the Combined Plan and Disclosure Statement have not been satisfied or waived in accordance with Section XIII.C. of the Combined Plan and Disclosure Statement within forty-five (45) days after the Confirmation Date, then upon motion by any party in interest, made before the time that each of the conditions has been satisfied or duly waived and upon notice to such parties in interest as this Court may direct, the Confirmation Order may be vacated by this Court; provided, however, that notwithstanding the

16

filing of such motion, the Confirmation Order shall not be vacated if each of the conditions to the

Effective Date is either satisfied or duly waived by the Debtors before the any order granting

such relief becomes a Final Order.  If the Confirmation Order is vacated pursuant to Section

XIII.B. of the Combined Plan and Disclosure Statement, the Combined Plan and Disclosure

Statement shall be deemed null and void in all respects and nothing contained therein shall (A)

constitute a waiver or release of any Claims by or against the Debtors, or (B) prejudice in any

manner the rights of the Debtors.

15.     _Professional Claims_.  Except as provided in the Combined Plan and Disclosure

Statement, all entities seeking awards by the Court of compensation for services rendered or

reimbursement of expenses incurred through and including the confirmation of the Combined

Plan and Disclosure Statement shall file their respective final applications for allowance of

compensation for services rendered and reimbursement of expenses incurred by the Business

Day that is thirty (30) days after the Effective Date.  Professional Claims shall be paid in

accordance with Sections X.A.2 and X.A.4 of the Combined Plan and Disclosure Statement up to

the amounts set forth in the Approved Budget for each Professional (*provided, however*, that the

Debtors reserve their right to seek payment of such administrative and Debtors' Professional fees

in excess of the budgeted amount in light of any unforeseen substantial circumstances, so long as

such amounts are incurred after September 30, 2019 and do not exceed $100,000 allocated solely

to the Debtors' Professionals; and *provided further, however*, that the Committee's professionals

are entitled to a $150,000 administrative claim payable from the Liquidation Trust to cover

Professional fees in excess of the amounts included in the Approved Budget for the Committee's

professionals).

DM_US 163212985-3.105320.0013
71111970.1

16.    <u>Exculpation and Limitation of Liability</u>.  Except as otherwise specifically provided in the Combined Plan and Disclosure Statement, the Exculpated Parties and any of such parties' successors and assigns, solely in their capacities as such, shall not have or incur any liability for any claim, action, proceeding, cause of action, avoidance action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or claim (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claim holder or Equity Interest holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Combined Plan and Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Combined Plan and Disclosure Statement, the consummation of the Combined Plan and Disclosure Statement, the administration of the Combined Plan and Disclosure Statement, or the property to be liquidated and/or distributed under the Combined Plan and Disclosure Statement, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement.  The foregoing shall apply to attorneys only to the extent permissible under applicable bar rules and applicable case law.

18

17.    <u>Binding Exculpation Provision</u>.  All exculpation provisions embodied in the Combined Plan and Disclosure Statement, including but not limited to those contained in Section XI.B. of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

18.    <u>Injunction</u>.  All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.  Except as otherwise provided in the Combined Plan and Disclosure Statement or to the extent necessary to enforce the terms and conditions of the Combined Plan and Disclosure Statement, this Confirmation Order or a separate Order of the Bankruptcy Court, all entities who have held, hold or may hold Claims against, or Equity Interests in, the Debtors shall be permanently enjoined from taking any of the following actions against any property that is to be distributed under the terms of the Combined Plan and Disclosure Statement on account of any such Claims or Equity Interests: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff, right, or subrogation of any kind against any debt, liability or obligation due to the Debtors, unless such setoff was formally asserted in a timely Filed proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of this Confirmation Order; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement; *provided, however*, that such entities shall not be precluded from exercising their rights pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement or this Confirmation Order; *provided, further*, that

19

the foregoing provisions of Section XI.A. of the Combined Plan and Disclosure Statement shall not apply to any acts, omissions, claims, causes of action or other obligations expressly set forth in and preserved by the Combined Plan and Disclosure Statement or any defenses thereto.

19.    Payment of Statutory Fees.  All fees payable pursuant to section 1930 of title 28 of the United States Code, plus any interest under 37 U.S.C. § 3717, shall be paid by the Debtors or the Liquidation Trustee, as applicable, from Cash on Hand.  On and after the Effective Date and through the closing of the Chapter 11 Cases, (i) all fees payable pursuant to section 1930 of title 28 of the United States Code, plus any interest under 37 U.S.C. § 3717, shall be paid by the Liquidation Trustee, and (ii) the Liquidation Trustee shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the UST. Notwithstanding any substantive consolidation of the Debtors under the Combined Plan and Disclosure Statement, each and every Debtor and the Liquidation Trustee shall remain obligated to pay quarterly fees to the Office of the UST until the particular Debtor's case has been closed, dismissed or converted to a case under chapter 7 of the Bankruptcy Code.

20.    Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Section XIV of the Combined Plan and Disclosure Statement and sections 105 and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Combined Plan and Disclosure Statement to the fullest extent as is legally permissible.

21.    Exemption from Certain Taxes and Fees.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Combined Plan and Disclosure Statement, shall not be taxed under any law imposing a stamp tax or similar tax.

20

22.    <u>Modifications</u>.  The Combined Plan and Disclosure Statement may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, subject to the terms of the Combined Plan and Disclosure Statement and this Confirmation Order.  In addition, after the Confirmation Date, the Debtors or the Liquidation Trustee may institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Plan and Disclosure Statement or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Combined Plan and Disclosure Statement.  Further, subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019 and Article XV of the Combined Plan and Disclosure Statement, the Debtors and the Liquidation Trustee, as applicable, expressly reserve the right to alter, amend or modify the Combined Plan and Disclosure Statement one or more times before its substantial consummation, with the prior written consent of the Prepetition Term Loan Agent and the Committee.

23.    <u>Provisions of Combined Plan and Disclosure Statement and Confirmation Order Nonseverable and Mutually Dependent</u>.  The provisions of the Combined Plan and Disclosure Statement and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

24.    <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Combined Plan and Disclosure Statement provides otherwise, the rights and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the

DM_US 163212985-3.105320.0013
71111970.1

laws of the State of Delaware, without giving effect to the principles of conflicts of law of such jurisdiction.

25.    <u>Applicable Nonbankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

26.    <u>Documents and Instruments</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

27.    <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

28.    <u>Inconsistency</u>.  To the extent of any inconsistency between this Confirmation Order and the Combined Plan and Disclosure Statement, this Confirmation Order shall govern.

DM_US 163212985-3.105320.0013
71111970.1

29.    <u>No Waiver</u>.  The failure to specifically include any particular provision of the

Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the

effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court

that the Combined Plan and Disclosure Statement is confirmed in its entirety and incorporated

herein by this reference.

23

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: November 6th, 2019**
**Wilmington, Delaware**